UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SIMRAN CHOUDHARY,<br><br>    Petitioner,<br><br>    v.<br><br>ALBARRAN, et al.,<br><br>    Respondents. | No. 1:26-cv-00119-WBS-CKD<br><br>MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

----oo0oo----

Petitioner, a citizen of India, entered the United States unlawfully on September 29, 2024. (Docket Nos. 7 at 1, 2 at 2.) Although she does not say so, she was apparently apprehended and placed in custody by Department of Homeland Security ("DHS") officials. Apparently, DHS subsequently released her on parole subject to various requirements, such as maintaining a valid address and appearing for check-in appointments. (Docket No. 2 at 2.)

Petitioner represents that she has fully complied with

those requirements (see id.), which the government does not dispute (see Docket No. 7 at 1-2). Nevertheless, on November 17, 2025, Immigration and Customs Enforcement ("ICE") arrested petitioner at a routine check-in appointment. (Docket No. 2 at 2.) Petitioner alleges that ICE did not provide any reason for doing so. (Id.)

On January 8, 2026, petitioner filed the instant motion for temporary restraining order seeking immediate release from custody on the grounds that her detention violates the procedural and substantive protections conferred by the Due Process Clause. (See Docket No. 2.) The court heard oral argument in the matter on January 14, 2026, at which the parties stipulated to convert petitioner's motion for temporary restraining order into a motion for preliminary injunction.

I.  Temporary Restraining Order and Preliminary Injunction

"The standard for a [temporary restraining order] is the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)). Typically, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The last two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418,

2

435 (2009).

Likelihood of success on the merits is "the most important factor in determining whether a preliminary injunction is warranted." Garcia v. County of Alameda, 150 F. 4th 1224, 1230 (9th Cir. 2025) (internal citations and quotation marks omitted). "[P]laintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this extraordinary remedy." Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation omitted). A mere possibility of success is insufficient to satisfy this factor; instead, a petitioner must demonstrate "a strong likelihood of success on the merits." Save Our Sonoran, Inc. v. Flowers, 408 F. 3d 1113, 1120 (9th Cir. 2005).

    a.    Procedural Due Process

Petitioner argues that her detention violates due process because she was re-arrested without being provided a pre-deprivation hearing before a neutral decision-maker. (See Docket No. 2 at 6-12.)

This court has now dealt with several petitions like this one, in which it held that noncitizens present in the United States who were never legally admitted were "applicants for admission" under 8 U.S.C. § 1225(b) and thus subject to mandatory detention. See, e.g., Alonzo v. Noem, No. 1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17, 2025) ("The suggestion that petitioner may evade the designation of 'applicant for admission' merely because he has already entered the United States elides the fact that he was never lawfully admitted."); Mo

3

v. Chestnut, No. 1:25-cv-01789 WBS CSK, 2025 WL 3539063, at *2 (E.D. Cal. Dec. 10, 2025) (same); Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *3 (E.D. Cal. Nov. 17, 2025) (same); Xavier Oliveria v. Albarran, et al., No. 1:25-cv-01760 WBS AC, 2025 WL 3525923 (E.D. Cal. Dec. 9, 2025) (same).

Petitioner makes no effort to distinguish her case from the nearly identical cases in which this court specifically held that noncitizens who have entered unlawfully, even if they were encountered, taken into custody, and released on parole, were nevertheless "applicants for admission" subject to § 1225. See, e.g., Oliveria, 2025 WL 3525923 (finding § 1225 applied to petitioner who had been detained after entering United States); Mo, WL 3539063, at *1 (noting that "noncitizens present in the United States who were never legally admitted [are] presumably 'applicants for admission,'" and applying § 1225); see also Liang v. Almodovar, et al., No. 1:25-cv-09322 MKV, 2025 WL 3641512, at *5 (S.D.N.Y. Dec. 15, 2025) (finding that noncitizen who unlawfully entered United States and was thereafter apprehended at the border did not effectuate a "lawful entry" into the United States and was thus subject to § 1225).

Petitioner thus presents neither facts nor arguments that distinguish her procedural due process claim from the claims adjudicated in this court's prior decisions. Accordingly, the court again concludes that "the procedure authorized by Congress" in 8 U.S.C. § 1225(b) constitutes procedural "due process" as far as petitioner is concerned. Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also Angov v. Lynch, 788

4

F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same).  And because 8 U.S.C. § 1225(b) does not "say[] anything whatsoever about bond hearings," petitioner is not entitled to one.  Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).

    b.   Substantive Due Process

    Petitioner also argues that her detention violates substantive due process because it was "arbitrary," "punitive in effect," and unreasonable.  (See Docket No. 2 at 3, 5 (citing Zadvydas v. Davis, 533 U.S. 678, 690 (2001).)

    Substantive due process does insulate individuals from "arbitrary action of government."  Wolff v. McDonnell, 418 U.S. 539, 558 (1974).  However, the Supreme Court's cases "dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be arbitrary in the constitutional sense."  Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (citation modified).  "[T]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  Johnson v. Brown, 567 F. Supp. 3d 1230, 1251 (D. Or. 2021) (citing Lewis, 532 U.S. at 847 n.8 (1998)).

    There can be many ways for government conduct to be found arbitrary.  For example, the Supreme Court has held that

5

the "forced pumping of a suspect's stomach" is arbitrary in the Constitutional sense, see Lewis, 523 U.S. at 846 (citing Rochin v. California, 342 U.S. at 165, 209-10 (1952)), as is subjecting students to corporal punishment, see Ingraham v. Wright, 430 U.S. 651 (1977) (citing Rochin).

But it is not always clear what conduct rises to the level of being arbitrary in the Constitutional sense.  One judge of this court, for example, has stated that "[d]etaining an individual without any explanation is not only chilling, but also flatly inconsistent with any notion of due process." Kuzmenko v. Phillips, No. 2:25-CV-00663 DJC AC, 2025 WL 779743, at *5 (E.D. Cal. Mar. 10, 2025), appeal dismissed sub nom. Martin v. Phillips, No. 25-3145, 2025 WL 2375268 (9th Cir. July 24, 2025). Other judges may disagree.

The day that petitioner filed her motion for temporary restraining order, the court ordered respondents to provide the reasons for which she was re-detained by ICE by noon on January 12, 2026.  (Docket No. 4.)  On January 9, 2026, respondents filed their response, in which they asserted that "Petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress."  (Docket No. 7 at 2.) At oral argument, the United States Attorney acknowledged that petitioner's arrest on November 17 was not based on any contention that she violated the conditions of her parole. Instead, respondents represented that they detained petitioner pursuant to a policy memorandum DHS released in July 2025.

This memorandum provides that 8 U.S.C. § 1225 applies

6

to noncitizens like petitioner, who are therefore subject to mandatory detention, so their parole may be revoked at any time, for any reason. Cf. Garro Pinchi v. Noem, No. 25-cv-05632 PCP, 2025 WL 3691938, at *4 (N.D. Cal. Dec. 19, 2025) (discussing policy memorandum). Respondents represented that this memorandum has been publicly available since its release.

The court finds that detaining petitioner pursuant to the policy memorandum does not constitute conduct so egregious as to shock the conscience. See Lewis, 523 U.S. at 846-47.[1] To the contrary, compliance with the policy memorandum is a "reasonable justification" for re-detaining petitioner. See id. Indeed, as respondents argued at oral argument, DHS is not only authorized but required by statute to re-detain non-citizens like petitioner, see 8 U.S.C. § 1225; this rationale for re-detention was also articulated within the policy memorandum.

For the above reasons, petitioner has failed to demonstrate a likelihood of success on the merits of her procedural and substantive due process claims. That being the case, the court "need not consider the other [preliminary injunction] factors." California v. Azar, 911 F.3d 558, 575 (9th

---

[1] The court does not mean to imply that petitioner could be detained indefinitely. See Black v. Decker, 103 F.4th 133 (2d Cir. 2024) (indefinite detention of noncitizen violates substantive due process); Banyee v. Garland, 115 F.4th 928 (8th Cir. 2024) (suggesting that detention of noncitizen without termination point violates substantive due process). Because petitioner, who has been detained for approximately two months, does not challenge the length of her detention on substantive due process grounds, the court expresses no opinion on that issue, or on the question of whether other conduct not at-issue here could be so "egregious" as to violate substantive due process, Lewis, 523 U.S. at 846.

7

Cir. 2018).

DHS has been saddled by Congress with the very difficult task of ensuring that the millions of people who are unlawfully present within this country are detained and removed as prescribed by law.  It is not the court's role to "judge the wisdom or desirability" of how DHS fulfills that mandate.  Cf. Heller v. Doe by Doe, 509 U.S. 312, 319 (1993).  The methods by which noncitizens are detained undoubtedly involve intricate details which the courts lack the Constitutional authority or practical resources to dictate.

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order and preliminary injunction (Docket No. 2) be, and the same hereby is, DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, the case is referred to the assigned magistrate judge for further proceedings.

Dated:  January 14, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE