UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMRAN CHOUDHARY, | No. 1:26-cv-00119 WBS-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SERGIO ALBARRAN, et al., | |
| Respondents. | |

Petitioner Simran Choudhary, a native and citizen of India, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on September 29, 2024, was initially detained by the Department of Homeland Security ("DHS"), and released on parole subject to various requirements. On November 17, 2025, petitioner was arrested and re-detained by U.S. Immigration and Customs Enforcement ("ICE"), and has been in continuous detention since this date. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17). The record before the Court does not contain petitioner's A-number.

1

## I.    FACTUAL BACKGROUND

Petitioner is a native and citizen of India.  (ECF No. 1 at 5.)  On September 29, 2024, petitioner entered the United States, was initially detained by DHS, and released on parole subject to various requirements.  (See ECF No. 1 at 5; ECF No. 2 at 2; ECF No. 12 at 1.)  On September 29, 2024, petitioner was issued a Notice to Appear initiating removal proceedings.[2]  (ECF No. 1 at 5.)  Petitioner timely filed an asylum application.  (Id. at 2.)  Petitioner has no criminal history, has maintained full-time employment, and complied with all conditions of her release and immigration requirements.  (Id.; ECF No. 2 at 2.)  On November 17, 2025, petitioner was arrested and re-detained by ICE at a routine check-in without any individualized assessment of flight risk or danger.  (See ECF No. 1 at 6; ECF No. 2 at 2.)  Respondents do not dispute petitioner's factual allegations.  (See ECF Nos. 7, 20.)

## II.    PROCEDURAL BACKGROUND

On January 8, 2026, petitioner filed her petition for writ of habeas corpus and motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On January 9, 2026, respondents filed a consolidated opposition to the motion for a temporary restraining order, a motion to dismiss, and response to the petition.  (ECF No. 7.)  On January 12, 2026, petitioner filed her reply.  (ECF No. 8.)  On January 14, 2026, the district judge held a hearing on the motion where the parties stipulated to converting the motion to a motion for preliminary injunction, subsequently denied the motion, and referred the matter to the assigned magistrate judge.  (ECF Nos. 11, 12.)  After the previously assigned magistrate judge was recused, the case was reassigned to the undersigned.  (ECF No. 18.)  Upon reassignment, this Court provided the parties with an opportunity to submit additional merits briefing.  (ECF No. 19.)  On February 27, 2026, respondents timely filed a supplemental brief, and on March 4, 2026, petitioner timely filed a supplemental brief.  (ECF Nos. 20, 21.)  Briefing is complete.

///

---

[2]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

### III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges her detention based on the following claims: (1) the Fifth Amendment substantive due process clause; (2) the Fifth Amendment procedural due process clause; (3) unlawful detention in excess of statutory authority (statutory claim); and (4) request for immediate release or alternatively, an individualized custody hearing. (ECF No. 1 at 15-18.) Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and she is ineligible for a bond hearing. (ECF No. 7 at 1-2.) Respondents cite Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position. (ECF No. 20 at 2.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (ECF No. 7 at 2.)

Generally, "decisions at the preliminary injunction phase do not constitute law of the case" because "a preliminary injunction decision is just that: preliminary." Ctr. for Biological

3

Diversity v. Salazar, 706 F.3d 1085, 1090 (9th Cir. 2013) (quoting Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dep't of Agr., 499 F.3d 1108, 1114 (9th Cir. 2007)). "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). "Law of the case directs a court's discretion, it does not limit the tribunal's power." Id.

Here, in denying petitioner's motion for preliminary injunction, the district court concluded that "noncitizens who have entered unlawfully, even if they were encountered, taken into custody, and released on parole, were nevertheless 'applicants for admission' subject to § 1225." 1/14/2026 Order at 4 (citing Xavier Oliveria v. Albarran, et al., No. 1:25-cv-01760 WBS AC, 2025 WL 3525923 (E.D. Cal. Dec. 9, 2025); Mo v. Chestnut, No. 1:25-cv-01789 WBS CSK, 2025 WL 3539063, at *1 (E.D. Cal. Dec. 10, 2025); Liang v. Almodovar, et al., No. 1:25-cv-09322 MKV, 2025 WL 3641512, at *5 (S.D.N.Y. Dec. 15, 2025) (internal parentheticals omitted)). The district court further concluded that "the procedure authorized by Congress in 8 U.S.C. § 1225(b) constitutes procedural due process as far as petitioner is concerned." 1/14/2026 Order at 4 (internal quotation marks omitted). As to petitioner's substantive due process claim, the district court found that "detaining petitioner pursuant to the [DHS July 2025] policy memorandum does not constitute conduct so egregious as to shock the conscience." Id. at 7.[3] The district court denied petitioner's motion, holding that "petitioner has failed to demonstrate a likelihood of success on the merits of her procedural and substantive due process claims." Id. Other district courts and circuit courts agree with the district court as to the applicability of § 1225, though this is the minority approach. See, e.g., Avila v. Bondi, No. 25-

---

[3] If petitioner remains detained, petitioner is not barred from filing a separate habeas petition challenging her detention as indefinite where such a claim was not raised in the instant petition. The district court expressly noted it "expresses no opinion" on the issue of the length of petitioner's detention where petitioner had been detained for approximately two months at the time of its January 14, 2026 decision and where petitioner does not challenge the length of her detention on substantive due process grounds. 1/14/2026 Order at 7 n.1 (citing Black v. Decker, 103 F.4th 133 (2d Cir. 2024) (indefinite detention of noncitizen violates substantive due process); Banyee v. Garland, 115 F.4th 928 (8th Cir. 2024) (suggesting that detention of noncitizen without termination point violates substantive due process)).

3741, 2026 WL 819258 (8th Cir. Mar. 25, 2026); Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026).

In contrast, in other similar cases, this Court has previously and consistently found that re-detention of a noncitizen previously released by immigration authorities and present in the United States without a pre-deprivation hearing violates the noncitizen's due process rights and violates the Immigration and Nationality Act ("INA"). See, e.g., Mansare v. Wofford, 1:26-cv-0433 DJC CSK, 2026 WL 764765 (E.D. Cal. Mar. 18, 2026), findings and recommendations adopted, 2026 WL 828502 (E.D. Cal. Mar. 25, 2026); Tang v. Noem, 1:26-cv-01333 TLN CSK, 2026 WL 670353 (E.D. Cal. Mar. 10, 2026), findings and recommendations adopted, 2026 WL 766499 (E.D. Cal. Mar. 18, 2026). This Court follows the majority of federal courts. See, e.g., Barbosa da Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); Lopez-Campos v. Raycraft, et al., 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025). This Court recognizes that the issues presented in this habeas petition and thousands of other similar petitions in this district and across the country are complex, and have resulted in a circuit split. At this time, there is no binding authority on district courts in the Ninth Circuit where neither the Ninth Circuit nor the Supreme Court have decided the issues.

It is unclear to this Court whether law of the case applies here. To the extent law of the case does apply, the district court's prior conclusion as to mandatory detention pursuant to § 1225(b) would result in denial of the habeas petition. Assuming law of the case does not apply, for the reasons stated in Mansare v. Wofford, Tang v. Noem, and other similar cases, this Court respectfully disagrees. This Court recommends granting the habeas petition on the procedural due process claim and statutory claim, and ordering petitioner's immediate release where she was previously released by immigration authorities into the United States in September 2024,

followed her conditions of release, and was permitted to live in the United States for over 1.5 years; and recommends denying respondents' motion to dismiss.

## V.   CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.   Respondents' motion to dismiss (ECF No. 7) be DENIED.

3.   Respondents be ordered to IMMEDIATELY release petitioner Simran Choudhary.  If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.  Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.  Petitioner shall be allowed to have her counsel present at any such hearing.  **This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case** (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4.   The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

///

Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/chou.0119.26.frs-merits