UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

SIMRAN CHOUDHARY,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No.  1:26-cv-0119 WBS CSK

ORDER

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner also filed a motion for temporary restraining order the same day she filed her petition for habeas corpus.  (Docket No. 2.)  On January 14, 2026, the court ruled that petitioner was unlikely to prevail on the merits of that motion because her detention was authorized pursuant to 8 U.S.C. § 1225, and did not, at that time, violate the Due Process Clause.  (See Docket No. 12.)

The matter was then referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On May 18, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  Respondents filed objections to the findings and recommendations. Petitioner did not file a

1

reply.

It has now been approximately seven months since this matter was referred to the magistrate judge, and petitioner's custodial status appears to remain unchanged.  While this court has repeatedly explained that a noncitizen who unlawfully enters the United States can expect to be lawfully detained upon doing so, it has consistently held that such detention cannot be indefinite, so as to avoid running afoul of the Due Process Clause.  See Uulu v. Warden, 820 F. Supp. 3d 1113, 1122 (E.D. Cal. 2026) (Shubb, J.) (collecting cases); see also, e.g., Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.").

Determining whether prolonged immigration detention violates the Due Process Clause requires consideration of whether the petitioner's immigration proceedings have been infected by undue delay on the part of the agency.  Uulu, 820 F. Supp. 3d at 1122.  Because the record does not demonstrate that petitioner's immigration proceedings have advanced whatsoever during the nine months she has been detained, the court finds that such unexplained delay is constitutionally unacceptable.  See id. see also Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (actions that "offend traditional notions of fair play and substantial justice" violate the Due Process Clause (quotations omitted)).

IT IS THEREFORE ORDERED that:

1.  The findings and recommendations (ECF No. 22) are adopted insofar as consistent with this Order.

2.  The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3.  Respondents' motion to dismiss (ECF No. 7) is DENIED.

4.  Respondents are ordered to release petitioner Simran Choudhary from custody forthwith.[1]

5.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close

---

[1]  Because this is a habeas corpus proceeding, the court is not empowered to grant relief aside from petitioner's release.  See Nguyen v. Warden, No. 1:25-cv-01872 WBS EFB, 2026 WL 1027892, at *2 (E.D. Cal. Apr. 16, 2026) (collecting cases).

2

this case.

6. The Clerk is directed to serve California City with a copy of this Order.[2]

Dated:  July 14, 2026

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/chou0119.805.hc.2241.imm.RELEASE

---

[2]   A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008).

3